Almeda L. STARKEY, Dr.; et al., Plaintiffs–Appellants,

v.

COUNTY OF SAN DIEGO; et al., Defendants–Appellees.

No. 09–55044.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2009.

Filed Aug. 26, 2009.

William Neil Pabarcus, Esquire, La Jolla, CA, James M. Chadwick, Sheppard Mullin Richter & Hampton LLP Menlo Park, CA, Guylyn R. Cummins, Esquire, Sheppard Mullin Richter & Hampton, LLP, San Diego, CA, for Plaintiffs–Appellants.

C. Ellen Pilsecker, Senior Deputy County Counsel, San Diego, CA, for Defendants–Appellees.

Before: CANBY, WARDLAW, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Dr. Alameda Starkey and the San Diego–Imperial County Cattlemen's Association appeal the district court's denial of their motion for preliminary injunctive relief in an action against the County of San Diego, the San Diego Department of Planning and Land Use ("DPLU"), and two employees of the DPLU in their official capacities (collectively, "the County"), for violations of their rights under the First Amendment of the U.S. Constitution and article I of the California Constitution. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we reverse and remand.

The district court abused its discretion in denying appellants' request for injunctive relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky,* 571 F.3d 960, 978 (9th Cir.2009) (quoting *Winter v. NRDC, Inc.,* —— U.S. ——, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)). Each factor weighs in favor of appellants.

■ The record flatly contradicts the County's pretextual assertion that Dr. Starkey was removed from the steering committee due to uncooperative behavior and unwillingness to cooperate.[1] The only

identifiable act that led to Dr. Starkey's removal was her reading of a brief, prepared statement into the record of a committee meeting. Viewpoint discrimination of this nature is particularly odious under the First Amendment. Although "[t]he First Amendment does not forbid a viewpoint-neutral exclusion of speakers who would disrupt a nonpublic forum and hinder its effectiveness for its intended purpose," state action that is merely a "facade for viewpoint-based discrimination" goes to the heart of the First Amendment's protection of free speech. *See Cornelius v. NAACP Legal Defense & Educ. Fund, Inc.,* 473 U.S. 788, 811, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985); *see also, e.g., Prince v. Jacoby,* 303 F.3d 1074, 1091 (9th Cir.2002) ("While certainly not required to grant student clubs access to these benefits, the school has chosen to do so. Having done so, it cannot deny access to some student groups because of their desire to exercise their First Amendment rights without a compelling government interest that is narrowly drawn to achieve that end.... 'Discrimination against speech because of its message is presumed to be unconstitutional.'" (quoting *Rosenberger v. Rector & Visitors of Univ. of Va.,* 515 U.S. 819, 828, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995))). We note that the County has conceded both in briefing and at oral argument that the steering committee meetings are a limited public forum and that they "constitute a governmental process with a governmental purpose." While the record is not yet developed sufficiently to render an independent judgment on that question, it thus

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The County's assertion that Dr. Starkey "made threats, through legal counsel she has hired to represent her interests, of potential future lawsuits against the County," is also unsupported. Dr. Starkey merely attempted to obtain documents the County was otherwise required by law to disclose, and she initiated these attempts prior to her appointment to the steering committee.

appears that appellants have a likelihood of success on the claim that, once the County granted them the benefit of participation as steering-committee members, the County could not then engage in viewpoint discrimination against them in this forum without violating the First Amendment.[2]

The other factors also tilt emphatically in favor of appellants. As the district court recognized, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). That presumption is buttressed by the fact that, without preliminary injunctive relief, the steering committee will continue to meet and may even conclude its role in developing the East County Multiple Species Conservation Program. On the other hand, as counsel for the County represented at oral argument, the expression of dissenting views on the steering committee does not harm the appellees. To the contrary, the expression of diverse viewpoints presumably improves decisionmaking. Indeed, the steering committee was formed for the express purpose of soliciting public opinion, on the premise that such input would be valuable, and the County has indicated that it continues to "welcome[ ] involvement by a representative from the Cattleman's Association." Accordingly, the balance of equities and the public interest in full and diverse participation, *see* Cal. Fish & Game Code § 2815, both favor the issuance of preliminary injunctive relief.

Though the record is far from fully developed, it is apparent that Dr. Starkey's reinstatement to the steering committee, as a representative of the Cattlemen's Association, will harm neither the steering committee's operations, nor its decision-making. At worst, based on the meetings that have already occurred, Dr. Starkey's contributions may necessitate a small amount of additional time and attention. Weighed against the considerable First Amendment concerns that stem from the exclusion of the appellants from the steering committee, this harm is negligible, and preliminary injunctive relief is warranted while the parties develop the record and proceed to a decision on the merits. Accordingly, we remand to the district court with instructions to grant appellants' request for preliminary injunctive relief, narrowly tailoring the relief to allow Dr. Starkey, as the selected representative of the Cattlemen's Association, to once again participate as a steering committee member consistent with the purposes of the committee.

**IT IS SO ORDERED.**

---

2. The district court's conclusion that appellants have no First Amendment right to membership on the steering committee, while correct, is beside the point and cannot form the basis for denying the request for a preliminary injunction. Moreover, the record makes it abundantly clear that participation in the public comment portion of the steering committee meetings differs both qualitatively and quantitatively from participation on the steering committee itself.